■ In the Matter of MARY "A", Appellant, v. JOHN "B", Respondent.— *Per Curiam.* Appeal from an order of the Family Court, Broome County,

entered July 18, 1967, which dismissed the petition herein, and adjudged that respondent was not the father of petitioner's child. Appellant was about 18 years of age at the time of the alleged act of intercourse with respondent. In our opinion the evidence adduced established clearly the respondent's paternity of the child born to appellant on March 1, 1967. The record delineates repeated acts of intercourse, commencing when appellant was 15 years old. In addition, respondent has unequivocally admitted that on June 22, 1966 during the crucial time in issue, he engaged in coitus with appellant without the use of any contraceptive device. The Family Court stressed the medical evidence in support of its decision stating that "June 22, 1966, would not have been the most likely time for the petitioner to conceive." However, appellant's doctor testified that conception was possible as a result of intercourse on June 22. The actual date of conception can never be determined with medical certainty, nor is it necessary that the court make such a determination. Since the medical testimony indicates that June 22 was a possible date of conception, and since respondent admits to an act of intercourse on that date, appellant has met her burden of proof. The evidence is such as to convince "'to the point of entire satisfaction'" (*Matter of Gray* v. *Rose,* 30 A D 2d 138, 140). The case at bar is clearly distinguishable from the cases cited therein, such as *Erie County Bd. of Social Welfare* v. *Holiday* (14 A D 2d 832) [respondent absent from the community when conception was alleged to have occurred, complainant had a normal menstrual period after the alleged date of conception, and no expert medical testimony offered]; *Matter of Morris* v. *Canfield* (19 A D 2d 942) [from medical testimony, improbable that a full-term baby was conceived on or after the alleged intercourse]; and *Matter of Rebmann* v. *Muldoon* (23 A D 2d 163) [complainant's relationships with other men established]. Accordingly, we adjudge respondent to be the father of appellant's child. The proceeding should be remitted to Family Court for its determination of the question of support for the child and for the entry of an appropriate decree. Incident to such determination, Family Court may hold such further hearings and take such further proof as may be relevant and necessary. Order reversed, on the law and the facts, and matter remitted to the Family Court of Broome County, with costs. Reynolds, Staley, Jr., and Greenblott, JJ., concur in memorandum *Per Curiam;* Aulisi, J., not voting; Gibson, P. J., dissents and votes to affirm in the following memorandum: GIBSON, P. J. (dissenting). The decision to reverse the considered determination of the Judge of the Family Court in as close a case as this seems, first, to deny effect to the established principle that the evidence of paternity has to be more than preponderant, and must, indeed, be such as to convince "'to the point of entire satisfaction'" (*Matter of Gray* v. *Rose,* 30 A D 2d 138, 140–141, and cases there cited), and, second, to ignore or discount, without explanation, the very real advantage which the trier of the facts — in this case an able and experienced Judge — enjoys over a reviewing court in appraising evidence, lay and expert, and in evaluating credibility in the highly charged atmosphere of a paternity trial. In such a case the trial court's evaluation of testimonial credibility and weight is entitled to greater consideration than is being accorded it here. Indeed, as respects the close and purely factual issue here presented, I would have had no great difficulty in affirming the trial court's determination had it gone the other way. In this case, petitioner admits that the "steady basis" of the companionship and intimacy existing between respondent and her ended on March 17, 1966 when they "agreed to date others while he was away at college." Respondent denied further intimacies prior to June 22, 1966; petitioner testified, somewhat inconsistently with her bill of particulars, and with seeming uncertainty and evasiveness, to relations with him during the interim and said that she

had once dated one other individual and had not been intimate with him. Concededly, her intimacy with respondent was resumed on June 22, 1966, and this is said to be the date of conception of the child born March 1, 1967. Petitioner's last menstrual period commenced June 17, 1966 and on June 22 she and respondent considered that for that reason contraceptive precautions were unnecessary. Her attending obstetrician said that upon his first examination he "projected [the] possible date of birth" as March 24, 1967 — "an approximation". He said that it was "possible" that the child was conceived on June 22, 1966, although that "would not be the most likely time"; and he said that it was "also possible" that petitioner was pregnant when her last menstrual period began and that he child "could have been" conceived at some time between May 20 and June 10. In this difficult case the trial court's opportunity, upon observation of the witnesses, for a sound and informed appraisal of their testimony was far greater than ours and I find no reason to disturb the resultant determination. Neither, do I believe that reversal is soundly bottomed upon the majority's conclusion that "[s]ince the medical testimony indicates that June 22 was a possible date of conception, and since respondent admits to an act of intercourse on that date, appellant has met her burden of proof". In my view, the order should be affirmed.